**Judge:**
**Chapter: 7**
**Hearing Date:**
**Hearing Location:**
**Response Date:**

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In re:<br><br>ROGER WAYNE CHAPMAN<br><br>Debtor.<br>—————————————<br>LISA THEODORATUS,<br><br>Plaintiff,<br><br>-against-<br><br>ROGER WAYNE CHAPMAN,<br><br>Defendant. | Chapter 7<br><br>NO.<br><br>ADVERSARY COMPLAINT |

**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY AND OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO SECTIONS <u>523 AND 727 OF THE BANKRUPTCY CODE</u>**

Plaintiff-Creditor Lisa Theodoratus (the "Plaintiff), as and for her Complaint against Defendant-Debtor Roger Wayne Chapman (the "Debtor"), respectfully alleges:

## JURISDICTION

1. On June 21, 2023, the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Washington.

ADVERSARY COMPLAINT                Page 1 of 9                **STILES & LEHR INC., P.S.**
ATTORNEYS AT LAW
P.O. BOX 228 - 925 METCALF STREET
SEDRO WOOLLEY, WASHINGTON 98284
(360) 855-0131  FAX (360) 856-2875

Case 23-01066-CMA    Doc 1    Filed 09/22/23    Ent. 09/22/23 09:24:21    Pg. 1 of 9

2. On July 25, 2023, the Debtor's duly-noted meeting of creditors was held pursuant to Section 341(a) of the Bankruptcy Code (the "Section 341 Meeting"). The Debtor was instructed to submit additional information regarding his assets and the Section 341 Meeting was continued to August 8, 2023. On August 8, 2023, Debtor still had not submitted the necessary documentation regarding his assets and the Section 341 Meeting was again continued to September 26, 2023.

3. As of the date of this Complaint the Debtor has not been granted a discharge.

4. This Complaint is timely because the date by which a Complaint objecting to the Debtor's discharge or determination of dischargeability of a debt expires on September 25, 2023.

5. This is an adversary proceeding in which Plaintiff-creditor is objecting to the Debtor's discharge under Bankruptcy Code §§ 727(a)(3) and 727(a)(4)(A)-(D) and is seeking a determination as to the dischargeability of the debt owed by the Debtor to Plaintiff under Bankruptcy Code §§ 523(a)(2)(A), 523(a)(6).

6. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code §§ 523 and 727.

7. This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and 157(b)(2)(J).

## PARTIES

8. Plaintiff is a judgment creditor of the Debtor with residences in both California and Concrete, Washington.

9. Defendant is the Debtor in the above-captioned case and previously resided in Concrete, Washington but immediately prior to filing bankruptcy relocated to Port Angeles, Washington.

## PLAINTIFF'S SUPERIOR COURT SUIT AGAINST DEBTOR

10. The Debtor was hired in October 2018 by George Theodoratus, Plaintiff's father, to assist as a part time project manager. Debtor was paid $1,200 per month from October 2018 through May 2020.

11. George Theodoratus passed away on May 3, 2020, at the age of 88. George's wife Lois predeceased him, and George has one daughter, Lisa Theodoratus. George was a real estate

ADVERSARY COMPLAINT　　　　　Page 2 of 9　　　　**STILES & LEHR INC., P.S.**
ATTORNEYS AT LAW
P.O. BOX 228 - 925 METCALF STREET
SEDRO WOOLLEY, WASHINGTON 98284
(360) 855-0131　FAX (360) 856-2875

Case 23-01066-CMA    Doc 1    Filed 09/22/23    Ent. 09/22/23 09:24:21    Pg. 2 of 9

developer which included land subdivision and home construction. He had two companies – Mid Valley Homes LLC and Theo Investments LLC.

12. After George passed, Debtor filed a creditor's claim in Skagit County Superior Court under cause number 20-4-00181-29 in the amount of $163,410.00 for wages and share of profits for home construction from Theo Investments LLC and Mid Valley Homs LLC, end-of-life caregiving, car repair, and an office copier (**see Exhibit A**). The creditor's claim was rejected (**see Exhibit B**). Debtor then filed a Petition for Allowance of Creditors Claim alleging the following:

- $141,000.00 of the claim was for credits for work on home construction projects, and remodel of the farm;
- $7,110.00 was for a commission on a sale of property;
- $6,000.00 was for wages of $1,200 per month for May – September 2020;
- $1,000.00 for a copy machine he provided to George;
- $3,800.00 for car repairs; and
- an unstated amount for end-of-life caregiving. ($163,410 less the claim amounts underlined above of $158,910 is $4,500.00) (**see Exhibit C**).

13. Plaintiff filed counterclaims against Debtor for the following:

- $35,500.00 for loans to Debtor that have not been repaid;
- $11,500.00 for rent converted by Debtor from 47745 Van Horn Lane property from December 2019 through October 2021;
- $3,400.00 for withdrawals by Debtor from the SaviBank joint account which have not been returned;
- $2,000.00 for the surveying equipment converted by Debtor which was not returned.
- $3,580.50 for the HVAC system Debtor converted from 47745 Van Horn Lane property and was not returned.

**(see Exhibit D)**

14. The Court subsequently granted a motion for judgment on the pleadings in favor of Plaintiff and entered an order denying Debtor's creditor's claims of $141,000.00 for credits for work on home construction projects and remodel of the farm, $7,110.00 for a commission on a sale of property, and $6,000.00 for wages from May – September 2020. The Court also

ADVERSARY COMPLAINT            Page 3 of 9            **STILES & LEHR INC., P.S.**
ATTORNEYS AT LAW
P.O. BOX 228 - 925 METCALF STREET
SEDRO WOOLLEY, WASHINGTON 98284
(360) 855-0131  FAX (360) 856-2875

Case 23-01066-CMA    Doc 1    Filed 09/22/23    Ent. 09/22/23 09:24:21    Pg. 3 of 9

concluded that Debtor had no ownership in the property located at 47745 Van Horn Lane **(see Exhibit E)**.

15. A bench trial was completed on November 21, 2022 to address Plaintiff's counterclaims and the Judge made an oral ruling in favor of Plaintiff and against Debtor. A proposed Order on Judgment was provided to Debtor via email on November 29, 2022, and Debtor responded stating that "as I am on Social Security, widows pension, I do not have the money to pay this judgment" **(see Exhibit F)**.

16. On or about December 12, 2022, it became known to Plaintiff that Debtor had sold his interest in personal property in the form of a hangar on leased land at Concrete, Washington for $150,000.00 and signed a bill of sale on November 25, 2022, which was recorded on November 28, 2022 **(see Exhibit G)**.

17. A Judgment was entered on December 28, 2022 in favor of Plaintiff in the amount of $59,454.27 **(see Exhibit H)**. A copy of the Order and Judgement were provided to Debtor on December 28, 2022. Debtor subsequently emailed Plaintiff's counsel stating that he cannot pay the judgement, "there is no money left out of the proceeds from selling my Hanger", and "If I have to, I will file bankruptcy" **(see Exhibit I)**.

18. The Judgment against the Debtor has not been appealed, vacated, or modified, and is now final.

19. A Supplemental Proceedings Motion was filed on May 15, 2023 and Debtor was ordered to appear on June 9, 2023 for supplemental proceedings and to testify under oath concerning his non-exempt property, which may be used to satisfy the outstanding judgment **(see Exhibit J)**.

20. Debtor failed to appear in-person at the hearing on June 9, 2023, but instead phoned in to court. The judge continued the hearing to June 23, 2023, and instructed Debtor to appear in-person to give testimony under oath.

21. Debtor then filed a bankruptcy Petition on June 21, 2023.

22. Debtor appeared in-person at the hearing on June 23, 2023 and informed the court he had filed for bankruptcy, at which time the judge halted the proceedings pending outcome of the bankruptcy case.

ADVERSARY COMPLAINT        Page 4 of 9              **STILES & LEHR INC., P.S.**
ATTORNEYS AT LAW
P.O. BOX 228 - 925 METCALF STREET
SEDRO WOOLLEY, WASHINGTON 98284
(360) 855-0131  FAX (360) 856-2875

Case 23-01066-CMA    Doc 1    Filed 09/22/23    Ent. 09/22/23 09:24:21    Pg. 4 of 9

## COUNT I – NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER SECTION 523(a)(2)(A)

23. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-22 of this Complaint as if set forth at length herein.

24. Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
(A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition…

25. All or part of the debt owed to Plaintiff, as evidenced by the Judgment entered against the Debtor, is non-dischargeable as it is a debt for money, property, services or an extension, renewal, or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code §§ 523(a)(2)(A).

26. The Order for Judgment issued by Skagit County Superior Court found in favor of Plaintiff that Debtor converted rental payments owned by Plaintiff, converted survey equipment without lawful authority and converted an HVAC unit without legal authority.

## COUNT II – NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER SECTION 523(a)(6) OF THE BANKRUPTCY CODE

27. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 26 of this Complaint as if set forth at length herein.

28. Bankruptcy Code § 523(a)(6) provides, in relevant part, that:
(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity….

ADVERSARY COMPLAINT                Page 5 of 9

**STILES & LEHR INC., P.S.**
ATTORNEYS AT LAW
P.O. BOX 228 - 925 METCALF STREET
SEDRO WOOLLEY, WASHINGTON 98284
(360) 855-0131  FAX (360) 856-2875

Case 23-01066-CMA    Doc 1    Filed 09/22/23    Ent. 09/22/23 09:24:21    Pg. 5 of 9

29. All or part of the debt owed to Plaintiff, as evidenced by the Judgment entered against the Debtor, is non-dischargeable as it is a debt for willful and malicious injury caused by the Debtor within the meaning of Bankruptcy Code § 523(a)(6).

30. Debtor willfully and maliciously defrauded Petitioner's elderly father into loaning Debtor money, and following the death of Petitioner's father converted contractor equipment and an HVAC unit. Debtor also defrauded tenants into believing he was the Van Horn Lane property owner upon the death of George Theodoratus, wherein he promptly started charging monthly rent of $500.00 that was converted for his own personal gain and not turned over to the estate of George Theodoratus.

## COUNT III – NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER SECTION 727(a)(3) OF THE BANKUPTCY CODE

31. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 30 of this Complaint as if set forth at length herein.

32. Bankruptcy Code §§ 727(a)(3) provides that:
(a) The court shall grant the debtor a discharge, unless
…
(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case:

33. The Debtor sold his airplane hangar for $150,000.00, a mere 4 days after the Court's oral ruling in favor of the Plaintiff. He has failed to provide the bankruptcy court with any documentation for proof of funds received from said sale, or documentation as to what said funds were used for. Given the Debtor's history of converting assets and the lack of information provided at not one, but two Creditor 341 Meetings, it is Plaintiff's belief that said hangar or funds for said hangar were transferred to a friend or family member in an attempt to hide his true assets from the Plaintiff, Skagit County Superior Court and the Bankruptcy Court. Debtor's only proof of funds was a self-typed list and an update to his original Petition, neither providing sufficient or reasonably acceptable information as to the location and spending history of said funds.

ADVERSARY COMPLAINT                Page 6 of 9

STILES & LEHR INC., P.S.
ATTORNEYS AT LAW
P.O. BOX 228 - 925 METCALF STREET
SEDRO WOOLLEY, WASHINGTON 98284
(360) 855-0131  FAX (360) 856-2875

Case 23-01066-CMA    Doc 1    Filed 09/22/23    Ent. 09/22/23 09:24:21    Pg. 6 of 9

34. By virtue of the foregoing, the Debtor's discharge should be denied under Bankruptcy Code § 727(a)(3).

## COUNT IV – OBJECTION TO DEBTOR'S DISCHARGE UNDER SECTION 727(a)(4)(A) OF THE BANKRUPTCY CODE

35. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 34 of this Complaint as if set forth at length herein.

36. Bankruptcy Code §727(a)(4)(A) provides that:
 (a) The court shall grant the debtor a discharge, unless
 …
 (4) the debtor knowingly and fraudulently, in or in connection with the case –
 (A) made a false oath or account

37. The Debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account, in that he represented in the original Petition that he did not give any gifts with a total value of more than $600 per person, to which he filed an amended Petition stating he gave his son $2,000. He also listed in his typed note submitted to the second 341 Creditor's Meeting held on August 8, 2023, entitled, "Funds Paid out to Individuals who Loaned Mony to Roger Chapman":

| 1. | John Sedden | Home loan borrowed to build house | $64,500.00 |
| 2. | Lynette Fluaitt | Repayment of loan | $25,000.00 |
| 3. | Chris Chapman | Money provided to son | $2,000.00 |
| 4. | Redbox of Tacoma | Purchase of container | $6,000.00 |
| 5. | Unknown | Purchase of Side-by-Side | $12,900.00 |
| 6. | Miscellaneous | Moving expenses | $6,500.00 |
| 7. | Miscellaneous | Parts for the truck | $2,500.00 |

The above list is attached as **Exhibit J** and incorporated herein by this reference. The list does not provide any documentation, such as receipts or bank statements, to prove the funds indeed were paid to the above creditors. It is Plaintiff's belief that said document purposefully omits the total "funds paid to individuals" as the total of said list is $119,400.00 and the Debtor has made no indication as to where the remaining $30,600.00 went. Plaintiff understands it is overly burdensome to document the exact spending of every dollar by Debtor, however

ADVERSARY COMPLAINT Page 7 of 9 **STILES & LEHR INC., P.S.**
ATTORNEYS AT LAW
P.O. BOX 228 - 925 METCALF STREET
SEDRO WOOLLEY, WASHINGTON 98284
(360) 855-0131 FAX (360) 856-2875

Case 23-01066-CMA Doc 1 Filed 09/22/23 Ent. 09/22/23 09:24:21 Pg. 7 of 9

$30,600.00 is an extremely excessive amount to go undocumented. Plaintiff also notes that the "Purchase of Side-by-Side" indicated in the attached list, paid to an "unknown" person or persons, should be of substantial concern if Debtor cannot recall or have proof of purchase of an item of such significant value within 7 months of filing bankruptcy.

38. Regarding Debtor's indication on Exhibit K of a "Repayment of loan" to Lynette Fluaitt totaling $25,000.00, it is known by Plaintiff that Lynette Fluaitt is a longtime girlfriend of Debtor. Furthermore, Lynnett Fluaitt posted a go-fund me account to raise funds for her parents, Dave and Rose Secord, and to raise funds to purchase a house for said parents. The go-fund me account was updated on December 25, 2021 by Lynnette wherein she indicated, "I personally took out a loan of $58,000 towards the house, my boyfriend sold his motorhome to put towards the material costs, not to mention a lot of his time…Any small amount helps, all the little things add up. Our current goal to get us past this hurdle is $25,000.00" It is notable that the go-fund me goal of $25,000 reported by Lynnette Fluaitt matches the "repayment of loan" by Debtor. The go-fund me page also notes that Debtor, "sold his motorhome to put towards material costs". Since this was posted on 12/25/21, approximately 18 months prior to filing the Bankruptcy Petition, Debtor not only omitted his previously sold motorhome as an asset, but fraudulently reported on his list provided at the 341 Creditor Meeting that he was repaying a loan to Lynnette Fluiatt, when Plaintiff believes he sold his motorhome to pay for material costs for the benefit of Lynnette Fluaitt's parents' home. Debtor's name also appears in the comments section at the bottom of the go-fund me page stating, "Let's get this done," as well as Lynnette Fluaitt commenting "The Builder" "FYI The Boyfriend" which Plaintiff believes further supports documentation of the existing relationship with Debtor and Lynnette Fluaitt. Finally, Debtor was hired as a contractor by Plaintiff's father and would have sufficient knowledge to build a house for Lynnette Fluiatt's parents.

39. By virtue of the Debtor's false representations and omissions, and the oath he took concerning the veracity of his submissions, the Debtor's discharge should be denied under Bankruptcy Code § 727(a)(4)(A).

ADVERSARY COMPLAINT    Page 8 of 9

**STILES & LEHR INC., P.S.**
ATTORNEYS AT LAW
P.O. BOX 228 - 925 METCALF STREET
SEDRO WOOLLEY, WASHINGTON 98284
(360) 855-0131  FAX (360) 856-2875

Case 23-01066-CMA    Doc 1    Filed 09/22/23    Ent. 09/22/23 09:24:21    Pg. 8 of 9

WHEREFORE, Plaintiff respectfully requests that this Court find that the debt reflected in the Skagit County Superior Court Judgment in favor of Plaintiff against the Debtor on November 28, 2022, is non-dischargeable under Bankruptcy Code §§ 523(a)(2)(A) and 523(a)(6), or, in the alternative, denying the Debtor's discharge under Bankruptcy Code §§ 727(a)(3) and 727(a)(4)(A), and granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: September 21, 2023.

/s/ BROCK D. STILES
Stiles & Lehr Inc., P.S.
Attorney for Plaintiff
PO Box 228 – 925 Metcalf Street
Sedro Woolley, WA 98284
(360) 855-0131
brock@stileslaw.com

## VERIFICATION

I, Lisa Theodoratus, declare under penalty of perjury that I am the plaintiff in the above-entitled action and that I have read the foregoing complaint and all the factual statements contained herein are true and correct and I adopt the contents herein as my testimony.

DATED: September 21, 2023

/s/ LISA THEODORATUS
Lisa Theodoratus, Plaintiff

ADVERSARY COMPLAINT         Page 9 of 9         **STILES & LEHR INC., P.S.**
ATTORNEYS AT LAW
P.O. BOX 228 - 925 METCALF STREET
SEDRO WOOLLEY, WASHINGTON 98284
(360) 855-0131  FAX (360) 856-2875

Case 23-01066-CMA    Doc 1    Filed 09/22/23    Ent. 09/22/23 09:24:21    Pg. 9 of 9